UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYLER STAFFING SERVICES, INC. etc.,

    Plaintiff,

v.                                                                          CASE NO.: 03:06-cv-358-J25-MCR

SAMSONITE CORPORATION, etc.,

    Defendant.
_____/

**ORDER**

This Cause is before the Court on Defendant's Amended Motion to Dismiss (Doc. 6). Plaintiff has filed an opposition to the motion.

**I. Background**

On April 18, 2006, Plaintiff filed a three Count Complaint against Defendant. Plaintiff is a staffing company that places temporary workers with various companies. In 2004, it entered into an agreement to provide Defendant with certain workers. According to Plaintiff, that agreement[1] provided that Defendant, *inter alia*, would notify it of, and seek its approval for, any work reassignments and would not allow the relevant employees to work at heights exceeding ten feet. According to Plaintiff, Defendant was also obligated to provide safety training and require the employees to wear certain protective equipment. According to Plaintiff, Defendant did reassign a worker without its *knowledge* or approval. The reassignment involved work at heights exceeding ten feet, and Defendant did not abide by its safety obligations as to this

---

[1] The agreement is attached to the Complaint but barely legible.

employee.  Evidently, the worker was injured and has submitted a claim for his injuries to Plaintiff.  Plaintiff's eight page Complaint alleges breach of contract, indemnity, and alternatively, declaratory relief.

**II. Standard**

A Rule 12(b)(6) request for dismissal for failure to state a claim upon which relief may be granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In making this determination the Court is restricted to consideration of the facts alleged in the complaint itself.  Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).  Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff.  Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).

**III. Analysis**

Defendant first seeks dismissal of Count I, for breach of contract, because the Complaint fails to state a cause of action by failing to allege the causal connection between the alleged breach of the contract and the damages alleged.  Defendant's four sentence argument is devoid of any cited authority.  Defendant merely states "Plaintiff appears to have mingled an action alleging negligence ... with its breach of contract claim."  The Court does not understand this argument and further finds that the allegations contained in this Count are sufficiently clear to survive a motion to dismiss.

Next, Defendant seeks dismissal of Count II because a common law indemnification claimant must demonstrate that the Defendant's alleged liability is vicarious, constructive, derivative or  technical, as well as due solely to Defendant's wrong.  Defendant also contends

that a special relationship must be specifically pled.  Defendant again argues Plaintiff has brought an action based on its alleged negligence.  The Court finds Plaintiff has clearly averred sufficient facts to support its indemnification claim.  Under Florida law, an indemnity is "a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other, and is allowable only where the whole fault is in the one against whom the indemnity is sought."  Centurion Air Cargo, Inc. v. United Parcel Service Co., 420 F.3d 1146, 1150 (11th Cir. 2005) (citing Houdaille Industries, Inc. v. Edwards, 374 So. 2d 490, 492 (Fla.1979)).

Plaintiff and Defendant had the requisite special relationship required by Houdaille because they were parties to a written contract.  374 So. 2d at 492.  Plaintiff contends it was without fault as to the injured worker, and its liability is technical and statutory.  Further, Plaintiff maintains the injured worker was under Defendant's control.  Defendant has failed to cite any case law to demonstrate that any more is required.  Houdaille, 374 So.2d at 492-93.

Defendant also seeks to dismiss the declaratory judgement claim, Count III, contending that the Court does not have jurisdiction to issue declaratory relief due to the nature of Plaintiff's allegations.  Defendant again asserts Plaintiff's claim "appears to claim a theory of negligent training and supervision."  As previously stated, the Court finds Defendant misconstrues the nature of Plaintiff's complaint.  It further finds Plaintiff has pleaded all elements of an alternative-relief claim under the Declaratory Judgment Act in Count III.  Specifically, Plaintiff has alleged facts which show it has suffered actual harm as a result of Defendant's conduct, the harm can be traced to the Defendant's actions, and a favorable decision by this Court would likely redress such harm.  GTE Directories Pub. Corp. V. Trimen America, Inc., 67 F.3d 1563,

1567 (11th Cir. 1995). Additionally, this Court does have jurisdiction to issue declaratory relief in the event it determines such relief is appropriate.

Accordingly, Defendant's Motion to Dismiss is due to be denied.

It is **ORDERED**:

Defendant's Amended Motion to Dismiss the Complaint (Doc. 6) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this  25th  day of July 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record